IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Case No. 2:25-cv-00008

MINDEN PICTURES, INC.,

    Plaintiff,

v.

FIRST FLIGHT RENTALS, LLC.,

    Defendant.

## COMPLAINT

Plaintiff Minden Pictures, Inc. ("Plaintiff") sues defendant First Flight Rentals, LLC. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Aptos, California.

2. Defendant is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business located at 102 W Airstrip Road, Kill Devil Hills, NC 27948. Defendant's agent for service of process is Michael C. Casey, 110 W Gray Eagle St., Ste 101, Nags Head, NC 27959.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has subject personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant." Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16–17 (D.S.C. Apr. 23, 2020). In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District. See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

## FACTS

### I. Plaintiff's Business

6. Plaintiff is recognized as a premier provider of rights managed wildlife and nature stock photography/feature stories.

7. Plaintiff's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.

8. Plaintiff also features images of human interaction with the natural world highlighting scientific research, conservation, environmental issues, indigenous peoples, and eco-travel.

9. Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

### II. The Work at Issue in this Lawsuit

10. Scott Leslie is one of many photographers represented by Minden Pictures (see https://www.mindenpictures.com/favorites/photographer-portfolios/scott-leslie.html). Mr.

Leslie's passion for nature photography stemmed from a childhood exploration through the woods and shores of Nova Scotia, where he currently resides. He is now a renowned nature photographer, environmental author, and naturalist, focusing on landscape photography and nature writing and has been featured in a variety of magazines and published publications across North America. Mr. Scott's work can also be found in his books titled "Bay of Fundy, A Natural Portrait", "100 under 100: The Race to Save the World's Rarest Living Things", and "Untamed Atlantic Canada: Exploring the Region's Biodiversity Havens."

11. In 2008, Mr. Leslie created a professional photograph of a jellyfish titled "00301208" (the "Work"). A copy of the Work is displayed below:



12. The Work was registered by Mr. Leslie with the Register of Copyrights on January 23, 2009 and was assigned Registration No. VA 1-716-023. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as "**Exhibit A.**"

13. Mr. Leslie is the owner of the Work and has remained the owner at all times material hereto. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s)

conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

14. Defendant acts as a vacation home rental company that specializes in condominiums located in premium locations across the Outer Banks.

15. Defendant advertises/markets its business through its website (https://www.firstflightrentals.com/), social media (e.g., https://www.facebook.com/firstflightrentals/, https://twitter.com/firstflightrent, and https://www.instagram.com/firstflightrentals/), and other forms of advertising.

16. In or around September 2020 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at: https://www.firstflightrentals.com/blog/outer-banks-jellyfish/):



17. A true and correct copy of a screenshot of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

18. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

19. Defendant utilized the Work for commercial use.

20. Upon information and belief, Defendant located a copy of the Work on the Internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21. Through its ongoing diligent efforts to identify unauthorized use of its photographs,

Plaintiff discovered Defendant's unauthorized use/display of the Work in December 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

22. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25. Mr. Leslie owns a valid copyright in the Work, having registered the Work with the Register of Copyrights.

26. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

27. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

28. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

29. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

30. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself

utilizes a copyright disclaimer on its website ("© 2025 First Flight Rentals."), indicating that Defendant understands the importance of copyright protection/intellectual property rights, and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

31. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

33. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

35. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: January 23, 2025.

                                            COPYCAT LEGAL PLLC
                                            3111 N. University Drive
                                            Suite 301
                                            Coral Springs, FL 33065
                                            Telephone: (877) 437-6228
                                            gabriella@copycatlegal.com
                                            pleadings@copycatlegal.com

                                      By: /s/ Gabriella Lopez____
                                             Gabriella Lopez, Esq.
                                             *Of Counsel*